UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NOVALK, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>KINSALE INSURANCE CO.,<br><br>          Defendant. | Case No.: 3:21-cv-01014-BEN-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 6]** |
|---|---|

## I.  INTRODUCTION

Plaintiff Novalk, LLC ("Plaintiff") brings this action against its insurer, Defendant Kinsale Insurance Company, erroneously sued as Kinsale Insurance ("Defendant") for alleged breaches of Defendant's agreement to insure Plaintiff. ECF No. 1.[1]

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). ECF No. 6. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 9. After considering the papers submitted, supporting documentation, and

---

[1]   Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

applicable law, the Court **GRANTS** the Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that it owns real estate located at 310 Rockwood Avenue, Calexico, California, which Defendant insured. ECF No. 1-3 at 15, ¶ 1. After a fire at the Plaintiff's property, Plaintiffs notified Defendants pursuant to their policy. Plaintiff alleges the amount Defendant offered to pay under the policy was far less than the actual damages suffered. ECF No.1-3, 17 ¶¶ 8-19. Plaintiff's suit followed thereafter.

### B. Procedural History

On March 9, 2021, Plaintiff filed suit against Defendant in the Superior Court of the State of California, County of Imperial (*Novalk, LLC v. Kinsale Insurance; and Does 1-100*, Case No. ECU001799 (the "State Court Action")). ECF No. 1-3 at 15. The complaint in the State Court Action alleged causes of action for (1) breach of contract; (2) negligent misrepresentation; (3) declaratory judgment; (4) specific performance; (5) unjust enrichment; (6) bad faith; (7) fraud; (8) violation of the Unfair Competition Law; (9) false advertising; and (10) injunctive relief. *Id.*

On May 27, 2021, Defendant removed this action to this Court. ECF No. 1. As a result of the notice of removal, Defendant was required to file a response to the Complaint by June 3, 2021. ECF No. 4 at 2. On June 1, 2021, Plaintiff and Defendant filed a Joint Motion for Initial Extension of Time to Respond to Complaint. ECF No. 4. This Court granted the joint motion, extending Defendant's time to respond until June 17, 2021. *Id.* Defendant filed its Motion to Dismiss on June 17, 2021. ECF No. 6. Plaintiff did not file an opposition to Defendant's Motion.

## III. DISCUSSION

"Actions or proceedings which have been pending for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution." S.D. Cal. Civ. R.

41.1(a); *see also States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), F.R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit").  In this case, Plaintiff originally filed suit approximately six months ago, on March 9, 2021.  *See* ECF No. 1-3 at 15.  To date, the record indicates no discovery has been taken or that plaintiff has taken any other action in this case.  Thus, grounds would normally exist for the Court to set an order to show cause as to why this case should not be dismissed for failure to prosecute.  However, the Court finds it may dismiss without setting the order to show cause due to Plaintiff's failure to oppose Defendant's Motion to Dismiss.

     Local Rule 7.1(f)(3)(a) requires a party opposing a motion to either file a (1) written opposition or (2) "written statement that the party does not oppose the motion."  If an opposing party fails to file the papers in the manner required by the local rules, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. R. 7.1(f)(3)(c); *see also V. V. V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (noting that claims can be abandoned if their dismissal is unopposed); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").  Thus, where the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived.  *See, e.g.*, *Franchise Tax Bd. of California v. Hyatt*, ⸺ U.S. ⸺, 139 S. Ct. 1485, 1491, n. 1 (2019) (deeming an argument waived where the defendant failed to raise an issue in the opposition brief); *see also Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived.").

Plaintiff's deadline to oppose Defendant's Motion was July 1, 2021. This deadline has passed without response, request for extension, or any other communication from the Plaintiff. The Court construes Plaintiff's failure to oppose Defendant's Motion as consent to granting the Motion.

### IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint *without prejudice*.

**IT IS SO ORDERED.**

Dated: September 10, 2021

**HON. ROGER T. BENITEZ**
United States District Judge